UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONNEY J. BROWN                           CIVIL ACTION

VERSUS                                    NO. 06-4478

GENERAL MOTORS CORPORATION                SECTION "C" (5)


ORDER

This matter comes before the Court on the issue of whether the minimum

jurisdictional amount in controversy exists in this removed case.   Having determined

that the defendant has not shown that the jurisdictional amount was in controversy at

the time of removal, this matter is hereby REMANDED to state court pursuant to 28

U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction.

Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the

removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v.

Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).  Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must

prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.

This showing may be made by either: (1) demonstrating that it is facially apparent that

the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.   It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

        The facts presented do not support a finding of the jurisdictional minimum.

According to the petition filed on July 31, 2006, the *pro se* plaintiff is seeking damages

allegedly sustained in an automobile accident on July 25, 2005.   It does not appear that

the plaintiff has asked for a jury trial in the petition.  There is nothing specific in the

petition from which the Court can find that the jurisdictional amount is "facially apparent." The defendant argues the fact that the police report indicates that the plaintiff was injured and transported to the hospital via ambulance in support of a finding that the jurisdictional minimum existed at the time of removal.  The defendant also argues that the injuries allegedly sustained by others in the plaintiff's vehicle and made the subject of a separate state court suit is relevant to the jurisdictional minimum inquiry.  The Court disagrees with the defendant's arguments and finds that, in light of the nearly total lack of evidence in support of its argument, the jurisdictional amount has not been established for removal purposes.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Twenty Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, due to

a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 3rd  day of October, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

4